UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
15 JAN 14 PM 2:18
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS, FLORIDA

**CARLO LLORCA**, an individual,

Plaintiff,

v.

**KEVIN RAMBOSK**, as the duly elected Sheriff of Collier County, Florida,

Defendant.

CIVIL ACTION

Case No.

Judge:

Mag. Judge:

2:15-cv-17-FtM-29CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CARLO LLORCA** ("LLORCA" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA") and common law for violation of the FLSA- unpaid wages and overtime, (2) violation of the FMWA and (3) unjust enrichment.

### PARTIES

2. The Plaintiff, **CARLO LLORCA** ("LLORCA") is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **LLORCA** has been employed by the Defendant, the duly elected Sheriff of Collier County, Florida as a Deputy Sheriff. **LLORCA** performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case.

1

**LLORCA** was an employee within the contemplation of 29 U.S.C. 203(e)(1) and FMWA. Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **KEVIN RAMBOSK** ("SHERIFF" or "DEFENDANT"), the duly elected Sheriff of Collier County, Florida, is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)), and under the FMWA. The Defendant has the sole authority to hire, fire and discipline his deputies, he supervises and controls the deputies' work schedule and conditions of employment, he determines the rate and method of payment for the deputies and he maintains employment records of the deputies, none of whom are members of his personal staff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **LLORCA** has worked for the Defendant within the last five years.

8. **LLORCA** brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FLSA to remedy violations of the wage provisions of the FLSA by the Defendant, which has deprived **LLORCA**, of his lawful wages. **LLORCA** brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FMWA to remedy violations of the wage provisions of the FMWA by the Defendant, which has deprived **LLORCA** of his lawful wages.

9. **LLORCA** was a uniformed deputy who drove a police cruiser in his capacity as hourly non-exempt employee of the Defendant.

10. Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq. and the FMWA, and **LLORCA** seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

11. This action is brought to recover unpaid hourly compensation owed to **LLORCA** pursuant to the FLSA and FMWA. **LLORCA** has been employed by the Defendant and was required to perform certain work functions for which he was not compensated. **LLORCA** was working for the Defendant as deputies in hourly positions.

12. **LLORCA** was an hourly employee who worked for the Defendant as a nonexempt employee (deputies) entitled to hourly wages under the FLSA and FMWA. **LLORCA** alleges that the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Defendant's non-exempt, hourly wage employees, including **LLORCA** for all of the time the Defendant requires or permits such employees to perform work for the benefit of the Defendant.

13. At all relevant times, Sheriff's employment of **LLORCA** has been governed by the Collier County Sheriff's Office Policy and Procedure manual, which provides that any time worked by a Deputy Sheriff in excess of 86 hours per 14-day work period will be compensated as overtime at one and one-half times his or her regular pay.

14. At all relevant times, Sheriff has required **LLORCA** to work, perform duties and spend time, which he did, that constituted compensable regular and overtime hours under the FLSA, including but not limited to:

   a. Completing, participating in and performing pre-shift and post-shift activities on and off the premises of the Collier County Sheriff's Office that were required as part of, integral and indispensable to the work and principal activities of a Deputy;

   b. Donning, doffing, dressing-up and dressing-down of specialized protective equipment, gear and outfitting that is integral and indispensable to the work and principal activities of a Deputy;

   c. Walking to and from pre-shift and post-shift activities, work areas, stations, roll-call, the briefing room, the equipment room, posts and patrol vehicles;

   d. Uniform patrol duties on all shifts to be immediately responsible for the enforcement of all traffic violations from the moment the Deputy gets in his/her marked vehicle;

   e. Uniform patrol duties on all shifts to be immediately turn on and engage their radio and to respond to any calls, and;

   f. Uniform patrol deputies on all shifts to be prepared for duty one half hour prior to their assigned time, constituting "on-call" time under the FLSA.

15. The Defendant's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock is in violation of the FLSA because such employees perform work for the benefit of the Defendant for which the employees are not compensated. To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of eighty-six (86) hours per 14-day period, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

16. The Defendant's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock is in violation of the FMWA because such employees perform work for the benefit of the Defendant for which the employees are not compensated. The FMWA, via Article X, Sect. 24(c) of the Florida Constitution, mandates that "Employers shall pay Employees Wages no less than the Minimum Wage *for all hours worked* in Florida." (emphasis added). To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of eighty-six (86) hours per 14-day period, such practice further violates the overtime pay provisions of the FMWA by virtue of the Defendant's failure to pay compensation at least minimum wage for each additional hour.

## COUNT I: VIOLATION OF THE FLSA

17. The Named Plaintiffs hereby incorporate Paragraphs 1-16 in this Count as though fully set forth herein.

18. **LLORCA** was a covered, non-exempt employee under the FLSA at all times during his employ with the Defendant.

19. The Defendant was required by the FLSA to pay the Plaintiff at least time and one-half for all hours worked the **LLORCA** in excess of 86 hours in a 14-day period.

20. The Defendant had operational control over all aspects of **LLORCA**'s day-to-day functions during their employment, including compensation.

21. The Defendant was, and is, **LLORCA**'s "employer" and is liable for violations of the FLSA in this case.

22. The Defendant violated the FLSA by failing to pay **LLORCA** at least time and one-half for all hours worked over 86 in a 14-day work period.

23. The Defendant has willfully violated the FLSA in refusing to pay **LLORCA** proper overtime for all hours worked by them over 86 in a 14-day work period.

24. As a result of the foregoing, the **LLORCA** has suffered damages of lost wages.

25. The Defendant is the proximate cause of the **LLORCA**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II- STATUTORY VIOLATIONS OF THE FLORIDA MINIMUM WAGE ACT (FMWA)

26. The Plaintiff incorporates Paragraphs 1-14 and 16 in this Count by reference.

27. This action is brought by **LLORCA** to recover from the Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

28. The Florida Minimum Wage Act states "... employers shall pay employees a minimum wage at an hourly rate [that is annually established by statute] for all hours worked in Florida." F.S. § 448.110.

29. **LLORCA** was employed by the Defendant during the preceding five (5) years.

30. **LLORCA** was paid approximately at the minimum wage rate or more per hour, but during the relevant period they have never been compensated for a substantial amount or hours at least at the minimum rate established by the law.

31. The records, if any, concerning the number of hours actually worked by **LLORCA**, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate and complete time records of hours worked by **LLORCA** and other employees.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

Unpaid Minimum Wages

2010 minimum wage $7.25, paid $0.00/hour, differential $7.25
$7.25 x 845 unpaid hours worked = $6,126.25

2011 minimum wage $7.31, paid $0.00/hour, differential $7.31
$7.31 x 845 unpaid hours worked = $6,176.95

2012 minimum wage $7.67, paid $0.00/hour, differential $7.67
$7.67 x 845 unpaid hours worked = $6,481.15

2013 minimum wage $7.79, paid $0.00/hour, differential $7.79
$7.79 x 845 unpaid hours worked = $6,582.55

2014 minimum wage $7.93, paid $0.00/hour, differential $7.93
$7.93 x 845 unpaid hours worked = $6,700.85 (pro-rated to $5,025.64)

Total Unpaid Florida Minimum Wage: $30,392.54

33. The Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remains owing to **LLORCA** these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above or within the past five (5) years preceding this action.

34. According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. However, the Florida Constitution provides that "Employers shall pay Employees Wages no less than the Minimum Wage *for all hours worked* in Florida." Therefore, the Defendant was the employer of **LLORCA** within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

35. The Defendant willfully and intentionally refused to pay **LLORCA** minimum wages as required by the laws of Florida as set forth above and remains owing **LLORCA** these minimum wages since the commencement of **LLORCA**'s employment with the Defendant or as set forth above.

36. Pursuant to Fla. Stat. 448.110, on or about October 17, 2014, **LLORCA** has provided the Defendant with notice of his minimum wage claims (i.e. the minimum wage to which each Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages).

37. **LLORCA** has retained undersigned counsel to represent his in this action and is obligated to pay a reasonable attorney's fees and costs.

WHEREFORE the Plaintiff respectfully request this Honorable Court order the following relief:

i. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the Florida Minimum Wage Act;

ii. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly, with interest;

iii. Award Plaintiff an equal amount in double damages/liquidated damages;

iv. Award Plaintiff reasonable attorneys' fees and costs of suit; and

v. Grant such other and further relief as this Court deems equitable and just.

## COUNT III- UNJUST ENRICHMENT

38. The Plaintiff incorporates Paragraphs 1-14 in this Count by reference.

39. This Count is pled in the alternative.

40. An implied-in-law contract existed between the Plaintiff and the Defendant.

41. The Plaintiff did confer a benefit upon the Defendant, that being the benefit of their law enforcement services, which benefit the Defendant appreciated but did not pay full value for.

42. The Plaintiff fully and satisfactorily performed his law enforcement duties assigned to him by the Defendant in accordance with the Defendant's policies.

43. The Defendant accepted and retained the benefit of the Plaintiff's law enforcement services without paying the full value thereof.

44. The Defendant has refused to pay the Plaintiff at the accepted and standard law enforcement officers' rate of pay for all work performed by the Plaintiff.

45. Based upon the circumstances, it is inequitable for the Defendant to retain the benefit of the Plaintiff's law enforcement services without paying fair value for the same.

46. The Defendant is required to pay the Plaintiff fair value for his law enforcement services rendered.

47. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Named Plaintiffs and potential opt-in plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 9, 2015

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com