```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARLO LLORCA, an individual,

    Plaintiff,

v.                                    Case No: 2:15-cv-17-FtM-29CM

KEVIN RAMBOSK, as the duly elected Sheriff of Collier County, Florida,

    Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Doc. #22) filed on March 11, 2015. Plaintiff filed a Response (Doc. #23) on March 13, 2015. For the reasons stated below, the motion is granted.

**I.**

Plaintiff has filed an Amended Complaint[1] (Doc. #15), against Defendant Kevin Rambosk in his official capacity as Sheriff of Collier County, Florida. Plaintiff, a former employee of the Collier County Sheriff's Office, alleges that he performed off-the-clock work for which he was not compensated. Plaintiff further

---

[1] Plaintiff filed his Amended Complaint (Doc. #15) on March 1, 2015. Therefore, Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #11) and Defendant's Amended Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #14), filed on February 17 and February 18, 2015, will be denied as moot.

alleges that he was terminated in retaliation for objecting to the failure to provide full compensation. According to Plaintiff, Defendant's conduct constitutes unjust enrichment and violates the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA). Defendant now moves to dismiss Plaintiff's unjust enrichment cause of action (Count IV) on the basis of Florida state law sovereign immunity. Plaintiff responds that the State of Florida has waived sovereign immunity under the circumstances giving rise to his unjust enrichment claim.

**II.**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1637 (2011). "In Florida, sovereign immunity is the rule, rather than the exception," Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984) (citing Fla. Const. art. X, § 13). Thus, absent a waiver, Florida sovereign immunity bars suit against the state or one of its political subdivisions. Id.

Florida's legislature has explicitly waived sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property. Fla. Stat. § 768.28. Additionally, the Florida Supreme Court has found an implied waiver of sovereign immunity for breach of contract claims. Pan-Am, 471 So. 2d at 5-6. That waiver applies to claims for breach of the express and implied conditions of a written contract,

2

but does not apply to claims totally outside the terms of a written contract. County of Brevard v. Miorelli Eng'g, 703 So. 2d 1049, 1051 (Fla. 1997) (absent a written change order, sovereign immunity barred breach of contract claim against city for extra work beyond that described in construction contract); see also Champagne-Webber, Inc. v. Ft. Lauderdale, 519 So. 2d 696, 698 (Fla. 4th DCA 1988) (sovereign immunity waived for claim that city violated implied covenant not to interfere with performance of written construction contract by misrepresenting soil conditions).

Here, Plaintiff brings his unjust enrichment claim against Kevin Rambosk in his official capacity as the Sheriff of Collier County, Florida. A claim against a Florida county sheriff in his official capacity is considered a claim against the county he represents. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir. 2005) ("When, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County."); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1305 (11th Cir. 2005) ("Florida's constitution labels sheriffs county officers.") (quoting Fla. Const. art. VII, § 1(d)). Under Florida law, counties are political subdivisions entitled to sovereign immunity to the same extent as the state. Fla. Stat. § 768.28(2). Thus, the Court must determine whether the state has waived sovereign immunity for the unjust enrichment claim at issue here.

3

"A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a 'contract' as a matter of law." Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999). Because unjust enrichment claims are not torts, Florida's legislature has not waived sovereign immunity pursuant to Fla. Stat. § 768.28. Plaintiff argues, however, that his unjust enrichment claim falls within the waiver of sovereign immunity articulated in Pan-Am and Miorelli because his oral employment contract with the Sheriff's Office included the express (or implied) covenant that he would be compensated for all work performed at the Sheriff's direction. Defendant responds that the terms of Plaintiff's alleged oral employment contract are immaterial because there can be no waiver of sovereign immunity absent a written contract. The Court agrees with Defendant.

As explained above, Florida courts have held that sovereign immunity has been waived for claims that a state entity breached the express or implied covenants of a *written* contract. However, as explicitly stated by the Florida Supreme Court in Pan-Am, a duly-authorized written contract is a prerequisite to finding that sovereign immunity has been waived. 471 So. 2d at 6 ("We would also emphasize that our holding here is applicable only to suits on express, written contracts into which the state agency has statutory authority to enter."); see also Fin. Healthcare Assocs., Inc. v. Pub. Health Trust, 488 F. Supp. 2d 1231, 1236 (S.D. Fla. 2007) ("Clearly, the implied contract alleged in Count II is not

4

an express written contract and therefore it fails to escape the sovereign immunity bar as articulated in Pan–Am.").

Here, Plaintiff concedes that he does not have a written contract with the Collier County Sheriff's Office. (Doc. #23, pp. 4-7.) Thus, the waiver of sovereign immunity articulated by the Florida Supreme Court in Pan-Am and Miorelli is inapplicable and Defendant is entitled to sovereign immunity from Plaintiff's claim for unjust enrichment.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #11) and Defendant's Amended Motion to Dismiss Count III of Plaintiff's Complaint (Doc. #14) are **DENIED as moot**.

2. Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Doc. #22) is **GRANTED** and Count IV of the Amended Complaint is **dismissed with prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of May, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record