UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLO LLORCA, an individual,

Plaintiff,

v.

Case No. 2:15-cv-00017-JES-CM

KEVIN RAMBOSK, as the duly elected
Sheriff of Collier County, Florida,

Defendant.

**JOINT PRETRIAL STATEMENT**

COME NOW CARLO LLORCA ("Llorca" or "Plaintiff") and KEVIN RAMBOSK, as

the duly elected Sheriff of Collier County, Florida (the "Sheriff's Office" or "Defendant"), by

and through their respective undersigned counsel and pursuant to Section III (A) of this Court's

Case Management and Scheduling Order (D.E. 32)("CMSO") and Local Rule 3.06(c), Local

Rules for the Middle District of Florida, hereby file their Joint Pretrial Statement in this

litigation, with referenced exhibits.

1.      **Basis of Federal Jurisdiction**

Federal jurisdiction arises under 28 U.S.C. §§1331, 1367, 2201 and 2202.

2.      **Concise Statement of the Nature of the Action[1]**

Llorca asserts that he was not fully or properly paid for all hours worked as a Road Patrol

Deputy for the Sheriff's Office.  He seeks a recovery of the additional hours of alleged working

time under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*

---

[1]  While Llorca filed an Amended Complaint alleging retaliation in violation of the FLSA, Llorca
does not contest dismissal of that claim and has not opposed the same in response to the Sheriff's
Office's Motion for Summary Judgment.

387096_1

("FLSA") and under Art. X, Sect. 24 of the Florida Constitution (via the Florida Minimum Wage Act, Sections 448.109-448.110, *Florida Statutes* ("FMWA")).

3.      **Brief, General Statement of Each Party's Case**

        a.  *Plaintiff's Statement of the Case*

Llorca began his employment with the Defendant on January 3, 1995 and was employed as a road patrol deputy. His rate of pay was $36.26 per hour but the Defendant failed to pay Mr. Llorca all overtime and minimum wages due to him.

At all relevant times, Mr. Llorca was governed by the Defendant's Policy and Procedure manual, which provides that any time worked by a Deputy Sheriff in excess of 86 hours per 14-day work period will be compensated as overtime at one and one-half times his or her regular pay. At all relevant times, the Defendant required Mr. Llorca to do the following without compensation:

- Donning, doffing, dressing-up and dressing-down of specialized protective equipment, gear and outfitting that is integral and indispensable to the work and principal activities of a Deputy (30 minutes per shift);

- Road patrol duties on all shifts to be immediately responsible for the enforcement of all traffic violations from the moment the Deputy gets in his/her marked vehicle (180 minutes per shift), and;

- Completing, participating in and performing pre-shift and post-shift activities on and off the premises of the Collier County Sheriff's Office that were required as part of, integral and indispensable to the work and principal activities of a Deputy (15 minutes per shift).

The Defendant's practice of requiring or permitting its road patrol deputies to work off-the-clock is in violation of the FLSA because such employees perform work for the benefit of the Defendant for which the employees are not compensated. The duties above are all integral and indispensable part of Mr. Llorca's duties and were required by the Defendant for the Defendant's benefit. Moreover, due to amount of the time taken, this time can hardly be described as *de minimis*. To the extent that such work is performed during a work week in which the affected

387096_1                                          2

employees have, or would have, worked in excess of eighty-six (86) hours per 14-day period, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

Article X, Sect. 24(c) of the Florida Constitution mandates that "Employers shall pay Employees Wages no less than the Minimum Wage *for all hours worked* in Florida." (emphasis added). While the Defendant protests otherwise, the employment contract between the Defendant and Mr. Llorca was to pay Llorca on an hourly basis; the Defendant's requirement that Mr. Llorca work other hours for $0.00 represents the Defendant's failure to pay any compensation for Mr. Llorca's overtime hours, a payment of $0.00 for those hours. The contract measuring rod analysis is proper as the "averaging" theory is but a judicial fiction grounded in dicta from a plainly distinguishable case from 1960. "Averaging" is inconsistent with the FLSA and the Florida Constitution. If an employer agrees to pay an employee at a set hourly rate and does so, it does not logically follow that when the same employer fails to pay the employee for some hours worked that the employer actually benefits from such failure by virtue of "averaging." Allowing such to hold would be to permit the reduction of the hourly rate agreed upon by the parties *nunc pro tunc* and without the employee's consent. As discussed above, this would be a perverse result. If an employee has been paid $0.00 for an hour of work, the employee ought to be compensated by at least the prevailing minimum wage for that hour, as <u>guaranteed</u> by the Florida Constitution, which, like the FLSA, makes no mention whatsoever of averaging.

**b.** *Defendant's Statement of the Case*

With respect to his unpaid wage claims, the Sheriff's Office submits that Llorca was properly paid for all compensable hours worked, consistent with the time cards that he was responsible for accurately completing and submitting to his sergeant for approval each work

period.  As his time cards reflect, he was paid overtime when he worked in excess of 86 hours in his 14-day work period, as is required by the Sheriff's Office's policies and applicable federal law.

Llorca's asserted claims for violation of the Florida Minimum Wage Act ignore the fact that he was paid an average hourly rate well in excess of the statutory state minimum wage rate for all hours worked in the relevant work periods preceding the filing of his initial Complaint. The Florida Minimum Wage Act claims properly are analyzed consistent with the methodology of determining whether an employer has met its obligations to pay the federal minimum wage rate for all hours worked during a work period, by dividing wages paid by the number of hours worked to determine the "regular rate" – which is an average hourly rate for the work period. Llorca's assertion that he is entitled to the hourly minimum wage rate for off duty hours he claims to have worked, *regardless of his compensation for the work period*, invites the Court to interpret the Florida Minimum Wage Act in a manner that has been explicitly rejected by numerous courts (*see., e.g.*, *Roop v. Wrecker & Storage of Brevard, Inc.*, 2013 WL 5929023 at * 4 (M.D. Fla. 2013); *see also Crossley v. Armstrong Homes, Inc.*, 2015 WL 2238347 at *6 (M.D. Fla. 2015)).

4.      **List of all Exhibits and Rule 5.04 Substitute Exhibits to be Offered at Trial**

      a.      *Plaintiff*

         See Exhibit A.

      b.      *Defendant*

         See Exhibit B.

5.      **List of All Witnesses Who May be Called at Trial**

      a.      *Plaintiff*

         See Exhibit C.

      **b.**     *Defendant*

      See Exhibit D.

**6.**      **List of All Expert Witnesses**

None.

**7.**      **Statement of the Elements of Plaintiff's Claim for Money Damages and Amount Sought**

The FLSA requires employers to pay covered employees at an overtime rate if they work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). If an employee has worked overtime without pay, she may bring a private FLSA action for damages. See 29 U.S.C. § 216(b). An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. Id. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." *Id*.

Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, the Supreme Court held "that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The burden then becomes the employer's, and it must bring forth either

evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687-88, 66 S.Ct. 1187. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688, 66 S.Ct. 1187.

The claim of the Plaintiff is for the relief specified below through trial:

Overtime

Donning and Doffing:          30 minutes/shift
Drive time to and from work:  3.0 hours/shift
Off-shift activities:          15 minutes/shift
Total:                        3.75 hours/shift

3.75 hours per shift x 7 shifts (1 pay period) = 26.25 hours
26.25 hours per pay period x 26 pay periods = 682.50 hours/year

682.50 hours x 3 years = 2,047.50 hours of uncompensated overtime wages.

$36.26/hour (Regular Rate) x 1.5 = $54.39/hour

$54.39/hr. x 2,047.50 hours of uncompensated overtime = $111,363.53

$111,363.55 uncompensated overtime x 2 (liquidated) = **$222,727.06**

**8.    List of Depositions to be Offered in Evidence at Trial**

a.    Carlo Llorca (testimony regarding FLSA retaliation claim to be redacted)

**9.    Statement of Facts Admitted and Requiring No Proof**

a.    Carlo Llorca was employed by the Sheriff's Office as a Road Patrol Deputy from January, 1995 to January 21, 2015.

b.    During the period of his employment with the Sheriff's Office, Llorca lived in Naples, Florida.

c.    For more than the five-year period preceding the filing of his Complaint, Llorca was employed as a Road Patrol Deputy for the Immokalee Patrol District of the Sheriff's Office.

d.    Carlo Llorca filed his original lawsuit against the Sheriff's Office on January 14, 2015.

e.       The Operations Manual contains numerous directives to agency personnel, and agency personnel are required to have knowledge of all applicable directives, policies, procedures, rules and regulations as contained in the Operations Manual. The Operations Manual is periodically updated, and Llorca had access to the Operations Manual, including its Preface and Introduction, while he was employed as a certified law enforcement officer for the Collier County Sheriff's Office.

f.       While employed as a Deputy Sheriff, Llorca was scheduled to generally work a schedule of 86 hours each 14-day work period. While his work schedule varied for operational and other personal reasons, Llorca's typical work period schedule was to work seven (7) Road Patrol shifts each work period, with each shift scheduled normally to last 12.17 hours.

g.       Llorca received an hourly wage for his work as a Deputy Sheriff.

h.       Under the Operations Manual, "overtime" is defined as hours worked by nonexempt personnel in excess of the hours normally required in the work period.

i.       For the three year period preceding the filing of his original Complaint in this litigation, Llorca reported through his time cards and was paid for a total of 484.87 hours of overtime.

j.       While employed as a Deputy Sheriff, Llorca was required to report his hours by making entries to the Sheriff's Office in-car computer system, and sending a digital report of his hours worked to his supervisor for approval. Although this reporting of work hours is done electronically on a computerized system, Deputy Sheriffs and the Operations Manual refer to such hours reports as "time cards."

k.       The procedure for Deputy Sheriffs to follow in order to enter in work hours into the computer system is set forth in computer-generated instructions available to all Sheriff Deputies. The Time Entry procedures request that Deputy Sheriffs enter their starting and stopping times each work shift, using military time. Before submitting the reports of his work hours to his supervisor for approval each work period, Llorca clicked on the "sign off" button, which appears immediately below the following statement on his computer screen:

> I have reviewed my time for this pay period and certify that it is a true and correct record of my working time. Once I have signed off I can no longer make corrections and my time is ready for supervisor approval.

l.       The Operations Manual contains a section dedicated to the Sheriff's Office "Compliance with the Fair Labor Standards Act." For purposes of FLSA compliance, the Sheriff's Office defines "work hours" and delineates what activities count as "work time" and what activities do not, so that Deputy Sheriffs can properly complete their time cards each work period.

387096_1                                             7

m.  Carlo Llorca was assigned a marked agency vehicle to use in commuting to and from his home to his work site, and he used this radio-equipped vehicle to travel from his home in Naples to his work site in the Immokalee Patrol District.  Per the Operations Manual, Carlo Llorca was not allowed to report normal commute time from his home to his worksite as "work time" on his time cards, despite the fact that he had a lengthy commute from his home in Naples to the Immokalee Patrol District each work shift.

n.  Llorca was expected to have his radio turned on during his daily home-to-work and work-to-home commutes, and to respond to safety emergencies that he observed while commuting.  The Operations Manual mandates that Llorca report on his time cards if he answered a call while on his normal commute (e.g., while off duty), so that in such an event, he would be properly credited for such work time.[2]

o.  As a matter of budget responsibility and when operationally feasible to do so, the Sheriff's Office encourages supervisory members of the agency to reduce the assigned shift schedules of Deputies in order to minimize the occurrence of overtime during the 14-day work period.  The Operations Manual refers to this trading of potential overtime hours for an equal number of off-duty hours during the same work period as "balancing hours."

p.  Therefore, there were work periods in which Llorca incurred off-duty calls or engaged in other off-duty work time, but was allowed to reduce the length of his normally scheduled shifts to balance out his work hours and minimize the occurrence of overtime liability as a Road Patrol Deputy.

q.  This balancing of hours practice took place during Llorca's work period ending April 23, 2012, where his time card reflected that after taking off-duty time to have his assigned agency vehicle serviced on April 13, 2012, he subsequently was authorized by his supervisor to shorten his normal 12.17 hour work shift by commencing his shift later that day an hour later than normal.   This balancing of hours also occurred during Deputy Llorca's work periods ending February 1, 2010, February 15, 2010, March 29, 2010, May 10, 2010, May 24, 2010, October 11, 2010, October 25, 2010, November 22, 2010, February 14, 2011, November 7, 2011, January 2, 2012, August 12, 2013 and  September 9, 2013.

r.  Deputy Llorca's scheduled shift work ended on September 25, 2014.

## 10.  Statement of Applicable Principles of Law on Which There is Agreement

a.  Carlo Llorca was an "employee" as that term is defined under the FLSA for the three-year period preceding his termination from employment with the Sheriff's Office.

---

[2] Llorca asserts that he was required to do more, such as being in his protective gear and engaging in traffic enforcement during his off duty commutes.

b.   The Sheriff's Office was an "employer" as that term is defined under the FLSA for the three-year period preceding Lorca's termination from employment with the Sheriff's Office.

c.   Carlo Llorca was an "employee" as that term is defined under the FMWA for the five-year period preceding his termination from employment with the Sheriff's Office.

d.   The Sheriff's Office was an "employer" as that term is defined under the FMWA for the five-year period preceding Lorca's termination from employment with the Sheriff's Office.

e.   Venue is proper in the U.S. District Court, Middle District of Florida, Fort Myers Division.

f.   The Sheriff's Office employed Carlo Llorca on a 14-day work period, consistent with the provisions of 29 U.S.C. § 207(k).  Accordingly, Llorca was entitled to be paid overtime compensation under the Fair Labor Standards Act for any actual hours worked in excess of 86 hours in his 14-day work periods.

g.   In the absence of a determined willful violation, the relevant time period regarding Carlo Llorca's asserted federal claims for unpaid overtime compensation is January 14, 2013 to September 25, 2014.

h.   Should the evidence presented establish a willful violation of the FLSA, the relevant time period regarding Carlo Llorca's asserted federal claims for unpaid overtime compensation is January 14, 2012 to September 25, 2014.

i.   In the absence of a determined willful violation, the relevant time period of Llorca's asserted claim under the Florida Minimum Wage Act would be January 14, 2011 to September 25, 2014.

j.   Should the evidence presented establish a willful violation of the Florida Minimum Wage Act, the relevant time period of Llorca's asserted claim under the Florida Minimum Wage Act would be January 14, 2010 to September 25, 2014.

11.   **Statement of Issues of Fact Which Remain to be Litigated**

a.   Whether Carlo Llorca was paid for all hours worked as required by the FLSA, for the three-year period preceding Lorca's termination from employment with the Sheriff's Office.

b.   Whether Carlo Llorca was paid for all hours worked as required by the FMWA, for the five-year period preceding Lorca's termination from employment with the Sheriff's Office.

c.   Whether Carlo Llorca provided the Sheriff's Office with pre-suit notice of his FMWA claim.

d.      If the answer to Paragraph 11(a) and/or 11(b) is "No," whether Llorca can establish any recoverable damages.

e.      Whether Carlo Llorca was required by the Sheriff's Office to don his protective gear before commuting to and from his assigned Road Patrol shift schedules in his agency vehicle.

## 12.      Statement of Issues of Law Which Remain to be Litigated

a.      Whether, under the facts described above and the evidence at trial, Carlo Llorca's off-duty commute time from his home to assigned patrol zone is compensable working time under the FLSA.

b.      Whether, under the facts described above and the evidence at trial, Carlo Llorca's off-duty commute time from his home to assigned patrol zone is compensable working time under the FMWA.

c.      Whether, under the facts described above and the evidence at trial, Carlo Llorca's off-duty time spent donning and doffing his uniform is compensable working time under the FLSA.

d.      Whether, under the facts described above and the evidence at trial, Carlo Llorca's off-duty time spent donning and doffing his uniform is compensable working time under the FMWA.[3]

e.      Whether Carlo Llorca's asserted 15 minutes per shift engaged in off-shift activities is compensable working time under the FLSA.

f.      Whether Carlo Llorca's asserted 15 minutes per shift engaged in off-shift activities is compensable working time under the FMWA.

g.      Whether Carlo Llorca is barred from seeking a recovery of compensable working time under the FLSA for asserted off duty and off-shift activities described in Paragraphs 12(a), 12(c) and 12(e) above, when he failed to report any of such times as working hours on his certified time cards.

h.      Whether Carlo Llorca is barred from seeking a recovery of compensable working time under the FMWA for asserted off duty and off-shift activities described in Paragraphs 12(b), 12(d) and 12(f) above, when he failed to report any of such times as working hours on his certified time cards.

i.      Whether the FMWA requires payment of the applicable Florida Minimum Wage rate for each and every hour worked during Llorca's work periods, rather than an average work period wage rate that equals or exceeds the applicable Florida Minimum Wage rate.

---

[3] Llorca also asserts that he was required to don and doff his protective gear.

j.      If a violation of the FLSA is established, whether the established FLSA claim constitutes a willful violation under 29 U.S.C. § 255(a).

k.      If a violation of the FLSA is established, whether the Sheriff's Office has established good faith under 29 U.S.C. § 260.

l.      If a violation of the FMWA is established, whether the established FMWA violation constitutes a willful violation of the FMWA.

m.      If a violation of the FMWA is established, whether the Sheriff's Office has established good faith under Section 448.110(c)(1), *Florida Statutes*.

**13.    Statement of any Disagreement as to the Application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure**

The parties have no current disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure.  However, the parties have agreed that the fact that Carlo Llorca was involuntarily terminated from his employment as a Deputy Sheriff on January 21, 2015 need not come into evidence at trial, in light of Llorca's concession as to the merits of the Sheriff's Office's defenses to his asserted FLSA retaliation claim.   This stipulation does not limit the parties' introduction of evidence at trial, should a trial prove necessary, regarding the sustained policy violations found by the Professional Responsibility Bureau Investigations which are relevant to Llorca's overtime and/or minimum wage claim(s) and which were conducted following citizen complaints against Llorca from 2007 through 2014.

**14.    List of all Motions or Other Matters Which Require Court Action**

a.      Defendant's Case Dispositive Motion for Summary Judgment (D.E. 37).

b.      Plaintiff's Motion to Strike Affidavit (D.E. 45).

**15.    Additional Attachments**

Pursuant to the Court's CMSO:

a.      the parties' Proposed Jury Instructions and Verdict Form are attached as composite Exhibit E; and

b.      Plaintiff's Proposed Voir Dire Questions are attached as Exhibit F; and

     c.       Defendant's Proposed Voir Dire Questions are attached as Exhibit G.

Dated this 22nd day of July, 2016.       Respectfully submitted,

s/ ***Benjamin H. Yormak***

BENJAMIN H. YORMAK
Florida Bar Number 71272
*Counsel for Plaintiff*

**YORMAK EMPLOYMENT & DISABILITY LAW**
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
byormak@yormaklaw.com

s/ ***David J. Stefany***

DAVID J. STEFANY
Florida Bar No. 438995
NICOLETTE L. BIDARIAN
Florida Bar No. 83795
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
324 South Hyde Park Avenue, Suite 225
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
dstefany@anblaw.com
nbidarian@anblaw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 22nd day of July, 2016, I electronically filed the foregoing along with its referenced exhibits with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Benjamin H. Yormak, Esquire, Yormak Employment & Disability Law, 9990 Coconut Road, Bonita Springs, Florida 34135 (byormak@yormaklaw.com).

                                      ***/s/ David J. Stefany***
                                      ATTORNEY

387096_1

12