# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CARLO LLORCA, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>KEVIN RAMBOSK, as the duly elected<br>Sheriff of Collier County, Florida,<br><br>            Defendant. | Case No. 2:15-cv-00017-JES-CM |

## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

COME NOW CARLO LLORCA ("Llorca" or "Plaintiff") and KEVIN RAMBOSK, as the duly elected Sheriff of Collier County, Florida (the "Sheriff's Office" or "Defendant"), by and through their respective undersigned counsel and pursuant to Section III (B)(5) of this Court's Case Management and Scheduling Order (D.E. 32)("CMSO"), hereby file their Joint Proposed Jury Instructions and Verdict Form.

Dated this 22nd day of July, 2016.              Respectfully submitted,

s/ *Benjamin H. Yormak*              s/ *David J. Stefany*

BENJAMIN H. YORMAK              DAVID J. STEFANY
Florida Bar Number 71272              Florida Bar No. 438995
*Counsel for Plaintiff*              NICOLETTE L. BIDARIAN
              Florida Bar No. 83795
**YORMAK EMPLOYMENT &**              *Counsel for Defendant*
**DISABILITY LAW**
9990 Coconut Road              **ALLEN NORTON & BLUE, P.A.**
Bonita Springs, Florida 34135              324 South Hyde Park Avenue, Suite 225
Telephone: (239) 985-9691              Tampa, Florida 33606-4127
Fax: (239) 288-2534              (813) 251-1210 | (813) 253-2006 – Fax
byormak@yormaklaw.com              dstefany@anblaw.com
              nbidarian@anblaw.com

# TABLE OF CONTENTS[1]

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**
**1.4 Jury Questions**
**1.5 Interim Statements**

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**
**2.2 Use of Depositions**
**2.3 Use of Recorded Conversations and Transcripts**
**2.4 Interim Statements**
**2.5 Judicial Notice**
**2.6 Use of Interrogatories**
**2.7 In-Trial Instructions on News Coverage**

**BASIC INSTRUCTIONS**

**3.1 Introduction**
**3.2.3 Duty to Follow Instructions - Government Entity or Agency Involved**
**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**
**3.4 Credibility of Witnesses**
**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**
**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**
**3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**
**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**
**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**ADVERSE EMPLOYMENT ACTION CLAIMS INSTRUCTIONS**

**4.14 Fair Labor Standards Act - 29 U.S.C. §§ 201 et seq.**

**SPECIAL INTERROGATORIES TO JURY**

---

[1] All proposed Jury Instructions are taken from the 11th Circuit Civil Pattern Jury Instructions (2013), with appropriate modifications.

**1.1      General Preliminary Instructions**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Carlo Llorca, claims the Defendant, the Collier County Sheriff's Office, failed to pay him for overtime hours worked. The Sheriff's Office denies those claims and contends that Mr. Llorca was properly paid for all hours that he worked as required by both federal and state law.

<u>Burden of proof</u>:

Mr. Llorca has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Llorca must prove that, in light of all the evidence, what [he/she/it] claims is more likely true than not. So, if you could put the evidence favoring Mr.

1.1 - 3

Llorca and the evidence favoring the Sheriff's Office on opposite sides of balancing scales, Mr. Llorca needs to make the scales tip to his side. If Mr. Llorca fails to meet this burden, you must find in favor of the Sheriff's Office.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Sheriff's Office has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Sheriff's Office must prove for any affirmative defense. After considering all the evidence, if you decide that the Sheriff's Office has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Llorca will present his witnesses and ask them questions. After Mr. Llorca questions the witness, the Sheriff's Office may ask the witness questions – this is called "cross-examining" the witness. Then the Sheriff's Office will present its witnesses, and Mr. Llorca may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**GRANTED:** _____

**DENIED:** _____

**MODIFIED:** _____

**WITHDRAWN:** _____

## 1.4    Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**GRANTED:**        _____

**DENIED:**         _____

**MODIFIED:**       _____

**WITHDRAWN:**      _____

**1.5     Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**          _____

**WITHDRAWN:**         _____

**2.1     Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

**GRANTED:**              _____

**DENIED:**               _____

**MODIFIED:**             _____

**WITHDRAWN:**            _____

**2.2      Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Portions of the deposition of Mr. Llorca taken on March 17, 2016, will be presented to you during the trial by reading the transcript. Mr. Llorca's deposition testimony is entitled to the same consideration as his live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**           _____

**DENIED:**             _____

**MODIFIED:**          _____

**WITHDRAWN:**     _____

**2.4     Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Yormak is going to make a short statement on behalf of Mr. Llorca, and following his statement, Mr. Stefany is going to make a short statement on behalf of the Collier County Sheriff's Office.  Please remember that the statements you are about to hear – like all statements by the lawyers – are the attorneys' views of the evidence or of what each of them anticipates the evidence will be, but isn't itself evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**          _____

**WITHDRAWN:**         _____

**2.5**     **Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [*state the fact that the court has judicially noticed*] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**           _____

**MODIFIED:**         _____

**WITHDRAWN:**        _____

**2.6     Use of Interrogatories**

You'll now hear answers that Mr. Llorca gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Mr. Llorca gave the answers in writing while under oath.

You must consider Mr. Llorca's answers to the Sheriff's Office's interrogatories as though Mr. Llorca gave the answers on the witness stand.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**         _____

**WITHDRAWN:**      _____

**2.7**      **In-Trial Instructions on News Coverage**

Reports about this trial may appear in the media.   The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial.  It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense.   You must decide this case exclusively on the evidence you receive here in court.

**GRANTED:**            _____

**DENIED:**              _____

**MODIFIED:**           _____

**WITHDRAWN:**        _____

**3.1     Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLO LLORCA, an individual,

                    Plaintiff,

v.                                                    Case No. 2:15-cv-00017-JES-CM
                                                      Judge:  John E. Steele

KEVIN RAMBOSK, as the duly elected
Sheriff of Collier County, Florida,                   Mag. Judge:  Carol Mirando

                    Defendant.

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes

called deliberations.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**          _____

**WITHDRAWN:**         _____

### 3.2.3    The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**        _____

**DENIED:**        _____

**MODIFIED:**        _____

**WITHDRAWN:**        _____

3.2.3 - 1

**3.3     Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**           _____

**MODIFIED:**         _____

**WITHDRAWN:**        _____

**3.4**     **Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**GRANTED:**            _____

**DENIED:**            _____

**MODIFIED:**            _____

**WITHDRAWN:**            _____

### 3.5.1    Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### <u>ANNOTATIONS AND COMMENTS</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**          _____

**WITHDRAWN:**         _____

### 3.7.1   Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Mr. Llorca to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Llorca's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Llorca.   [*Since Mr. Llorca has asserted two legal claims against the Collier County Sheriff's Office, you should consider each of his claims separately.*]

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Llorca's claim by a preponderance of the evidence, you should find for the Sheriff's Office as to that claim.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**GRANTED:**            _____

**DENIED:**            _____

**MODIFIED:**            _____

**WITHDRAWN:**            _____

### 3.7.2    Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, the Collier County Sheriff's Office asserts the following affirmative defenses:

- Defendant states that it has compensated Plaintiff for all hours worked, consistent with the requirements of the Fair Labor Standards Act and the Florida Minimum Wage Act.

- Defendant states that Plaintiff's FMWA claims are barred for his failure to provide pre-suit notice to Defendant as required by Section 448.110(6)(a), *Florida Statutes*.

- Defendant states that any failure to abide by the FLSA requirement to compensate Plaintiff with overtime for off duty hours worked in excess of 86 in one or more of his 14-day work periods was in good faith and Defendant had reasonable grounds for believing its actions were not in violation of the FLSA.

- Defendant states that any failure to abide by the FMWA requirement to compensate Plaintiff with the state's minimum wage for off duty hours worked in excess of 86 in one or more of his 14-day work periods was in good faith and Defendant had reasonable grounds for believing its actions were not in violation of the FMWA.

Even if Mr. Llorca proves one or more of his claims by a preponderance of the evidence, the Sheriff's Office can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Sheriff's Office does not have to disprove either of Mr. Llorca's claims, but if the Sheriff's Office raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**           _____

**MODIFIED:**         _____

**WITHDRAWN:**        _____

### 3.8.1   Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**  _____

**DENIED:**  _____

**MODIFIED:**  _____

**WITHDRAWN:**  _____

**3.9     Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**GRANTED:**          _____

**DENIED:**            _____

**MODIFIED:**          _____

**WITHDRAWN:**        _____

**4.14    Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

In this case, Mr. Llorca claims that the Sheriff's Office did not pay him  overtime pay for hours he claims to have worked, as required by the federal Fair Labor Standards Act, also known as the FLSA. Mr. Llorca also claims that the Sheriff's Office did not pay him minimum wages for hours he claims to have worked required by Art. X, Sect. 24 of the Florida Constitution and the Florida Minimum Wage Act.  Sections 448.109-448.110, *Florida Statutes*, also known as the FMWA.

The parties agree that Mr. Llorca was an "employee" and the Sheriff's Office was his "employer" as those terms are defined under the FLSA and FMWA. Because this is agreed to, to succeed on his claims against the Sheriff's Office, Mr. Llorca must prove by a preponderance of the evidence that he actually worked more than the hours reported on his time cards for one or more work periods, and that the Sheriff's Office failed to pay Mr. Llorca the overtime pay required by the FLSA, and/or minimum wage required by the FMWA.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

Overtime claim: For nonexempt law enforcement officers, the FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for hours worked over 86 hours in a 14-day work period. Put another way, if a nonexempt deputy sheriff works more than 86 hours in his or her 14-day work period, the employer must pay the employee an overtime rate of 1.5 times his or her regular rate of pay for all time worked after the first 86 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one work period is the basis for calculating any overtime pay due to the employee. The "regular rate" for a work period is determined by dividing the total wages paid for the work period by 86. Should you determine that Mr. Llorca worked hours

beyond the hours he reported on his time cards, to calculate how much overtime pay would be owed to Mr. Llorca for a certain pay period, subtract 86 from the total number of hours you determine that he worked and if the number is greater than zero, multiply the difference by his overtime rate for the work period. The Sheriff's Office failed to pay Mr. Llorca the required overtime pay for that work period if it paid him less than that amount.

The amount of damages is the difference between the amount Mr. Llorca should have been paid and the amount he was actually paid. Mr. Llorca is entitled to recover lost wages from September 25, 2014 back to no more than January 14, 2013 – unless you find that the Sheriff's Office  either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the Sheriff's Office knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Mr. Llorca is entitled to recover lost wages from September 25, 2014 back to no more than January 14, 2012.

**Inadequate Records:** The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Mr. Llorca claims that the Sheriff's Office failed to keep and maintain adequate records of his hours and pay. Mr. Llorca also claims that the Sheriff's Office's failure to keep and maintain adequate records has made it difficult for Mr. Llorca to prove the exact amount of his claim.  The Sheriff's Office contends that its records of the hours worked by Mr. Llorca were accurately created and maintained.

If you find that the Sheriff's Office failed to keep adequate time and pay records for Mr. Llorca and that Mr. Llorca performed work for which he should have been paid, Mr. Llorca may recover a reasonable estimation of the amount of his damages. But to recover this amount, Mr. Llorca must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

Minimum wage claim: The minimum wage rates required by the FMWA during the period involved in this case were as follows:

| | |
|---|---|
| 2010: | $7.25 |
| 2011 (Jan. 1-May 31): | $7.25 |
| 2011 (June 1-Dec. 31): | $7.31 |
| 2012: | $7.67 |
| 2013: | $7.79 |
| 2014: | $7.93 |

If you find by a preponderance of the evidence that Mr. Llorca performed work for the Sheriff's Office beyond what he reported on his time cards but was not paid at least the minimum wage for these additional hours, you must first determine the number of uncompensated hours and then multiply those by the prevailing minimum wage to calculate the amount of unpaid minimum wage damages.  To recover this amount, Mr. Llorca must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## ANNOTATIONS AND COMMENTS

The Fair Labor Standards Act ("FLSA") is found at 29 U.S.C. § 201 *et seq.* Pattern Instruction 4.14 is intended to be used in cases where the plaintiff alleges that the defendant employer failed to pay the minimum wage or overtime pay required by the FLSA. Pattern Instruction 4.14 contains bracketed instructions for each type of FLSA claim.

### I. Elements and Defenses

#### A. "Employee"

Pattern Instruction 4.14 instructs that the plaintiff must have been an employee of the defendant. For cases in which this issue is disputed, the instruction and verdict form should be adapted accordingly. For pattern instructions concerning issues of joint employers or independent contractors, please see Pattern Instructions 4.24 and 4.25, *infra.*

The employee must also be "engaged in commerce" within the meaning of the FLSA or "employed by an enterprise engaged in commerce." For a discussion of the "engaged in commerce" requirement, please see *Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011) (per curiam) (finding that a cook at a local restaurant in Alabama was not "engaged in commerce" within the meaning of the FLSA).

### B. Amount of Work Performed: Inaccurate or Inadequate Employer Records

When an employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," then an employee has carried his burden of proving that he has performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293-94 (D.C. Cir. 1972). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. at 687-88.

### C. Regular Rate of Pay

When an employee is compensated solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours the salary is intended to compensate. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008). For overtime claims involving an employee who is paid a constant weekly salary for fluctuating hours, it may be necessary to modify the instruction so that the jury is instructed on the "fluctuating workweek method" for calculating damages. *See generally Lamonica v. Safe Hurricane Shutters, Inc.*, No. 11-15743, 2013 WL 811906 (Mar. 6, 2013); *see also* 29 C.F.R. § 778.114 (explaining how to use the fluctuating workweek method).

### D. Exemptions

Pattern Instruction 4.14 leaves it to the court to fashion an instruction regarding the elements of a claimed exemption. The most common exemptions from the overtime pay requirement exist for employees in a "bona fide executive, administrative, or professional capacity" as defined by regulations of the Secretary. 29 U.S.C. § 213(a)(1). The elements of the exemptions may be found at 29 C.F.R. § 541.1 *et seq*.

In a suit under the FLSA, the employer carries the burden of proving an overtime pay exemption. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (per curiam).

## II. Remedies

### A. Public Employees

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., a public employee working overtime has the choice to be reimbursed either in the form of wages or compensatory time. 29 U.S.C. § 207(a)(o). A public employer may only substitute compensatory compensation for overtime pay pursuant to a collective bargaining agreement or agreement between the employer and employee if there is no applicable collective bargaining agreement. 29 U.S.C. § 207(o)(2)(A); *Chesser v. Sparks* 248 F.3d 1117, 1120 n.1 (11th Cir. 2001).

### B. Liquidated Damages, Good Faith and Willful Violations

The FLSA provides for liquidated damages and states that such damages shall be paid unless the "employer shows to the satisfaction of the court that the act or omission giving rise to

such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," in which case "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216" of the FLSA. 29 U.S.C. § 260. Under the plain language of the statute, this is a question for the court to determine not the jury. Thus, the court and the jury answer what is essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1282 (11th Cir. 2008).

When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of… their unpaid overtime compensation… and in an additional equal amount as liquidated damages."); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1163 (11th Cir. 2008). However, the district court has discretion to reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Morgan,* 551 F.3d at 1282 (alteration in original) (internal quotation marks omitted); *see also* 29 U.S.C. § 260. A district court must find that an employer acted in good faith in violating the FLSA before it may award less than the full amount of liquidated damages. *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987). If the jury finds that the employer acted willfully, however, then the court cannot find that the employer acted in good faith, and the court must award liquidated damages. A jury's finding that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *Alvarez Perez,* 515 F.3d at 1166.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Morgan,* 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)).

To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA." *Morgan,* 551 F.3d at 1283.

**GRANTED:** _____

**DENIED:** _____

**MODIFIED:** _____

**WITHDRAWN:** _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLO LLORCA, an individual,

        Plaintiff,

v.

KEVIN RAMBOSK, as the duly elected
Sheriff of Collier County, Florida,

        Defendant.

Case No. 2:15-cv-00017-JES-CM

**SPECIAL INTERROGATORIES TO THE JURY**

**A. Overtime Claim**

       **Do you find from a preponderance of the evidence:**

1. That the Sheriff's Office failed to pay Mr. Llorca overtime pay required by the FLSA for any of his 14-day work periods?

       Answer Yes or No      _____

If your answer is "No," this ends your deliberations as to the Plaintiff's overtime claim, and you should proceed to Part B to consider Mr. Llorca's Minimum Wage claim. If your answer is "Yes," go to and answer the next question, followed by answering *either* 3(a) or 3(b).

       **Do you find from a preponderance of the evidence:**

2.    That the Sheriff's Office knew or showed reckless disregard for whether the FLSA prohibited its conduct?

       Answer Yes or No      _____

If your answer is "No," go to and answer question 3(a).  If your answer if "Yes," skip question 3(a) and answer only question 3(b).

1

**Do you find from a preponderance of the evidence:**

3(a). That Mr. Llorca should be awarded damages?

      Answer Yes or No        _____

If your answer is "Yes," for what work period(s) and in what amount(s) should overtime damages be awarded?

| Work Period (ending date) | Damages (if any) |
| --- | --- |
| January 28, 2013 | $_____ |
| February 11, 2013 | $_____ |
| February 25, 2013 | $_____ |
| March 11, 2013 | $_____ |
| March 25, 2013 | $_____ |
| April 8, 2013 | $_____ |
| April 22, 2013 | $_____ |
| May 6, 2013 | $_____ |
| May 20, 2013 | $_____ |
| June 3, 2013 | $_____ |
| June 17, 2013 | $_____ |
| July 1, 2013 | $_____ |
| July 15, 2013 | $_____ |
| July 29, 2015 | $_____ |
| August 12, 2013 | $_____ |
| August 26, 2013 | $_____ |
| September 9, 2013 | $_____ |
| September 23, 2013 | $_____ |
| October 7, 2013 | $_____ |
| October 21, 2013 | $_____ |
| November 4, 2013 | $_____ |
| November 18, 2013 | $_____ |
| December 2, 2013 | $_____ |
| December 16, 2013 | $_____ |
| December 30, 2013 | $_____ |
| January 13, 2014 | $_____ |
| January 27, 2014 | $_____ |
| February 10, 2014 | $_____ |
| February 24, 2014 | $_____ |
| March 10, 2014 | $_____ |
| March 24, 2014 | $_____ |
| April 7, 2014 | $_____ |
| April 21, 2014 | $_____ |
| May 5, 2014 | $_____ |
| May 19, 2014 | $_____ |
| June 2, 2014 | $_____ |
| June 16, 2014 | $_____ |

2

| | |
|---|---|
| June 30, 2014 | $_____ |
| July 14, 2014 | $_____ |
| July 28, 2014 | $_____ |
| August 11, 2014 | $_____ |
| August 25, 2014 | $_____ |
| September 8, 2014 | $_____ |
| September 22, 2014 | $_____ |

If you awarded damages in response to question 3(a), skip question 3(b) and proceed to Part B to consider Mr. Llorca's Minimum Wage claim.

**Do you find from a preponderance of the evidence:**

3(b). That Mr. Llorca should be awarded damages?

Answer Yes or No         _____

If your answer is "Yes," for what work period(s) and in what amount(s) should overtime damages be awarded?

| Work Period (ending date) | Damages (if any) |
|---|---|
| January 16, 2012 | $_____ |
| January 30, 2012 | $_____ |
| February 13, 2012 | $_____ |
| February 27, 2012 | $_____ |
| March 12, 2012 | $_____ |
| March 26, 2012 | $_____ |
| April 9, 2012 | $_____ |
| April 23, 2012 | $_____ |
| May 7, 2012 | $_____ |
| May 21, 2012 | $_____ |
| June 4, 2012 | $_____ |
| June 18, 2012 | $_____ |
| July 2, 2012 | $_____ |
| July 16, 2012 | $_____ |
| July 30, 2012 | $_____ |
| August 13, 2012 | $_____ |
| August 27, 2012 | $_____ |
| September 10, 2012 | $_____ |
| September 24, 2012 | $_____ |
| October 8, 2012 | $_____ |
| October 22, 2012 | $_____ |
| November 5, 2012 | $_____ |
| November 19, 2012 | $_____ |
| December 3, 2012 | $_____ |
| December 17, 2012 | $_____ |
| December 31, 2012 | $_____ |

3

January 14, 2013                    $_____
January 28, 2013                    $_____
February 11, 2013                   $_____
February 25, 2013                   $_____
March 11, 2013                      $_____
March 25, 2013                      $_____
April 8, 2013                       $_____
April 22, 2013                      $_____
May 6, 2013                         $_____
May 20, 2013                        $_____
June 3, 2013                        $_____
June 17, 2013                       $_____
July 1, 2013                        $_____
July 15, 2013                       $_____
July 29, 2015                       $_____
August 12, 2013                     $_____
August 26, 2013                     $_____
September 9, 2013                   $_____
September 23, 2013                  $_____
October 7, 2013                     $_____
October 21, 2013                    $_____
November 4, 2013                    $_____
November 18, 2013                   $_____
December 2, 2013                    $_____
December 16, 2013                   $_____
December 30, 2013                   $_____
January 13, 2014                    $_____
January 27, 2014                    $_____
February 10, 2014                   $_____
February 24, 2014                   $_____
March 10, 2014                      $_____
March 24, 2014                      $_____
April 7, 2014                       $_____
April 21, 2014                      $_____
May 5, 2014                         $_____
May 19, 2014                        $_____
June 2, 2014                        $_____
June 16, 2014                       $_____
June 30, 2014                       $_____
July 14, 2014                       $_____
July 28, 2014                       $_____
August 11, 2014                     $_____
August 25, 2014                     $_____
September 8, 2014                   $_____
September 22, 2014                  $_____

**B.  Minimum Wage Claim**

**Do you find from a preponderance of the evidence:**

1. That the Sheriff's Office failed to pay Mr. Llorca the Florida minimum wage rate for all of his hours worked during any of his 14-day work periods?

Answer Yes or No            _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to and answer the next question, followed by answering *either* 3(a) or 3(b).

**Do you find from a preponderance of the evidence:**

2.  That the Sheriff's Office knew or showed reckless disregard for whether the FMWA prohibited its conduct?

Answer Yes or No            _____

If your answer is "No," go to and answer question 3(a).  If your answer if "Yes," skip question 3(a) and answer only question 3(b).

**Do you find from a preponderance of the evidence:**

3(a). That Mr. Llorca should be awarded damages?

Answer Yes or No            _____

If your answer is "Yes," for what work period(s) and in what amount(s) should minimum wage damages be awarded?

| Work Period (ending date) | Damages (if any) |
|---|---|
| January 17, 2011 | $_____ |
| January 31, 2011 | $_____ |
| February 14, 2011 | $_____ |
| February 28, 2011 | $_____ |
| March 14, 2011 | $_____ |
| March 28, 2011 | $_____ |
| April 11, 2011 | $_____ |
| April 25, 2011 | $_____ |
| May 9, 2011 | $_____ |
| May 23, 2011 | $_____ |

5

| | |
|---|---|
| June 6, 2011 | $_____ |
| June 20, 2011 | $_____ |
| July 4, 2011 | $_____ |
| July 18, 2011 | $_____ |
| August 1, 2011 | $_____ |
| August 15, 2011 | $_____ |
| August 29, 2011 | $_____ |
| September 12, 2011 | $_____ |
| September 26, 2011 | $_____ |
| October 10, 2011 | $_____ |
| October 24, 2011 | $_____ |
| November 7, 2011 | $_____ |
| November 21, 2011 | $_____ |
| December 5, 2011 | $_____ |
| December 19, 2011 | $_____ |
| January 2, 2012 | $_____ |
| January 16, 2012 | $_____ |
| January 30, 2012 | $_____ |
| February 13, 2012 | $_____ |
| February 27, 2012 | $_____ |
| March 12, 2012 | $_____ |
| March 26, 2012 | $_____ |
| April 9, 2012 | $_____ |
| April 23, 2012 | $_____ |
| May 7, 2012 | $_____ |
| May 21, 2012 | $_____ |
| June 4, 2012 | $_____ |
| June 18, 2012 | $_____ |
| July 2, 2012 | $_____ |
| July 16, 2012 | $_____ |
| July 30, 2012 | $_____ |
| August 13, 2012 | $_____ |
| August 27, 2012 | $_____ |
| September 10, 2012 | $_____ |
| September 24, 2012 | $_____ |
| October 8, 2012 | $_____ |
| October 22, 2012 | $_____ |
| November 5, 2012 | $_____ |
| November 19, 2012 | $_____ |
| December 3, 2012 | $_____ |
| December 17, 2012 | $_____ |
| December 31, 2012 | $_____ |
| January 14, 2013 | $_____ |
| January 28, 2013 | $_____ |
| February 11, 2013 | $_____ |
| February 25, 2013 | $_____ |

| | |
|---|---|
| March 11, 2013 | $_____ |
| March 25, 2013 | $_____ |
| April 8, 2013 | $_____ |
| April 22, 2013 | $_____ |
| May 6, 2013 | $_____ |
| May 20, 2013 | $_____ |
| June 3, 2013 | $_____ |
| June 17, 2013 | $_____ |
| July 1, 2013 | $_____ |
| July 15, 2013 | $_____ |
| July 29, 2015 | $_____ |
| August 12, 2013 | $_____ |
| August 26, 2013 | $_____ |
| September 9, 2013 | $_____ |
| September 23, 2013 | $_____ |
| October 7, 2013 | $_____ |
| October 21, 2013 | $_____ |
| November 4, 2013 | $_____ |
| November 18, 2013 | $_____ |
| December 2, 2013 | $_____ |
| December 16, 2013 | $_____ |
| December 30, 2013 | $_____ |
| January 13, 2014 | $_____ |
| January 27, 2014 | $_____ |
| February 10, 2014 | $_____ |
| February 24, 2014 | $_____ |
| March 10, 2014 | $_____ |
| March 24, 2014 | $_____ |
| April 7, 2014 | $_____ |
| April 21, 2014 | $_____ |
| May 5, 2014 | $_____ |
| May 19, 2014 | $_____ |
| June 2, 2014 | $_____ |
| June 16, 2014 | $_____ |
| June 30, 2014 | $_____ |
| July 14, 2014 | $_____ |
| July 28, 2014 | $_____ |
| August 11, 2014 | $_____ |
| August 25, 2014 | $_____ |
| September 8, 2014 | $_____ |
| September 22, 2014 | $_____ |

If you awarded damages in response to question 3(a), skip question 3(b), as this ends your deliberations.  Your foreperson should sign and date the final page of this verdict form, and you should notify the courtroom deputy that you have reached your verdict.

7

**Do you find from a preponderance of the evidence:**

3(b). That Mr. Llorca should be awarded damages?

          Answer Yes or No        _____

          If your answer is "Yes," for what work period(s) and in what amount(s) should minimum wage damages be awarded?

| Work Period (ending date) | Damages (if any) |
|---|---|
| January 18, 2010 | $_____ |
| February 1, 2010 | $_____ |
| February 15, 2010 | $_____ |
| March 1, 2010 | $_____ |
| March 15, 2010 | $_____ |
| March 29, 2010 | $_____ |
| April 12, 2010 | $_____ |
| April 26, 2010 | $_____ |
| May 10, 2010 | $_____ |
| May 24, 2010 | $_____ |
| June 7, 2010 | $_____ |
| June 21, 2010 | $_____ |
| July 5, 2010 | $_____ |
| July 19, 2010 | $_____ |
| August 2, 2010 | $_____ |
| August 16, 2010 | $_____ |
| August 30, 2010 | $_____ |
| September 13, 2010 | $_____ |
| September 27, 2010 | $_____ |
| October 11, 2010 | $_____ |
| October 25, 2010 | $_____ |
| November 8, 2010 | $_____ |
| November 22, 2010 | $_____ |
| December 6, 2010 | $_____ |
| December 20, 2010 | $_____ |
| January 3, 2011 | $_____ |
| January 17, 2011 | $_____ |
| January 31, 2011 | $_____ |
| February 14, 2011 | $_____ |
| February 28, 2011 | $_____ |
| March 14, 2011 | $_____ |
| March 28, 2011 | $_____ |
| April 11, 2011 | $_____ |
| April 25, 2011 | $_____ |
| May 9, 2011 | $_____ |
| May 23, 2011 | $_____ |
| June 6, 2011 | $_____ |

| | |
|---|---|
| June 20, 2011 | $_____ |
| July 4, 2011 | $_____ |
| July 18, 2011 | $_____ |
| August 1, 2011 | $_____ |
| August 15, 2011 | $_____ |
| August 29, 2011 | $_____ |
| September 12, 2011 | $_____ |
| September 26, 2011 | $_____ |
| October 10, 2011 | $_____ |
| October 24, 2011 | $_____ |
| November 7, 2011 | $_____ |
| November 21, 2011 | $_____ |
| December 5, 2011 | $_____ |
| December 19, 2011 | $_____ |
| January 2, 2012 | $_____ |
| January 16, 2012 | $_____ |
| January 30, 2012 | $_____ |
| February 13, 2012 | $_____ |
| February 27, 2012 | $_____ |
| March 12, 2012 | $_____ |
| March 26, 2012 | $_____ |
| April 9, 2012 | $_____ |
| April 23, 2012 | $_____ |
| May 7, 2012 | $_____ |
| May 21, 2012 | $_____ |
| June 4, 2012 | $_____ |
| June 18, 2012 | $_____ |
| July 2, 2012 | $_____ |
| July 16, 2012 | $_____ |
| July 30, 2012 | $_____ |
| August 13, 2012 | $_____ |
| August 27, 2012 | $_____ |
| September 10, 2012 | $_____ |
| September 24, 2012 | $_____ |
| October 8, 2012 | $_____ |
| October 22, 2012 | $_____ |
| November 5, 2012 | $_____ |
| November 19, 2012 | $_____ |
| December 3, 2012 | $_____ |
| December 17, 2012 | $_____ |
| December 31, 2012 | $_____ |
| January 14, 2013 | $_____ |
| January 28, 2013 | $_____ |
| February 11, 2013 | $_____ |
| February 25, 2013 | $_____ |
| March 11, 2013 | $_____ |

March 25, 2013                      $_____
April 8, 2013                      $_____
April 22, 2013                     $_____
May 6, 2013                        $_____
May 20, 2013                       $_____
June 3, 2013                       $_____
June 17, 2013                      $_____
July 1, 2013                       $_____
July 15, 2013                      $_____
July 29, 2015                      $_____
August 12, 2013                    $_____
August 26, 2013                    $_____
September 9, 2013                  $_____
September 23, 2013                 $_____
October 7, 2013                    $_____
October 21, 2013                   $_____
November 4, 2013                   $_____
November 18, 2013                  $_____
December 2, 2013                   $_____
December 16, 2013                  $_____
December 30, 2013                  $_____
January 13, 2014                   $_____
January 27, 2014                   $_____
February 10, 2014                  $_____
February 24, 2014                  $_____
March 10, 2014                     $_____
March 24, 2014                     $_____
April 7, 2014                      $_____
April 21, 2014                     $_____
May 5, 2014                        $_____
May 19, 2014                       $_____
June 2, 2014                       $_____
June 16, 2014                      $_____
June 30, 2014                      $_____
July 14, 2014                      $_____
July 28, 2014                      $_____
August 11, 2014                    $_____
August 25, 2014                    $_____
September 8, 2014                  $_____
September 22, 2014                 $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

10